

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2003

# Westport Ins Corp v. Mirsky

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3779

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Westport Ins Corp v. Mirsky" (2003). *2003 Decisions.* Paper 30.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/30

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3779
_____

WESTPORT INSURANCE CORPORATION

v.

KENNETH L. MIRSKY, ESQUIRE; MICHAEL HEPPS, ESQUIRE;
THE LAW OFFICES OF MICHAEL B.L. HEPPS;
RENEE ROSETTI KASTON; DWIGHT THOMAS PETERSON

Kenneth L. Mirsky, Esquire; Michael Hepps, Esquire
and the Law Offices of Michael B.L. Hepps,

Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court Judge: The Honorable Robert F. Kelly
(D.C. Civil No. 00-cv-04367)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 9, 2003

Before: AMBRO, FUENTES & CHERTOFF, Circuit Judges.

(Opinion Filed: December 23, 2003)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Appellant Westport Insurance Corporation ("Westport") brought a declaratory judgment action against its insureds, Kenneth L. Mirsky, Esq. ("Mirsky"), Michael Hepps, Esq. ("Hepps") and the Law Offices of Michael B.L. Hepps ("Hepps Law Offices"), seeking confirmation that it does not owe any coverage to them stemming from a legal malpractice action brought against the attorneys. Westport relies on Exclusion B of the professional liability policies the corporation issued to Mirsky and Hepps, which excludes coverage for

> any CLAIM based upon, arising out of, attributable to, or directly or indirectly resulting from:
>
> . . . .
>
> B.    any act, error, omission, circumstance or PERSONAL INJURY occurring prior to the effective date of this POLICY if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission, circumstance or PERSONAL INJURY might be the basis of a CLAIM.

(Appellee's Supplemental Appendix at S7-S8.) Hepps and Mirsky first bought one-year professional liability policies from Westport's predecessor in 1995, and have subsequently bought one-year policies from Westport each year.

The District Court conducted a three-day bench trial and issued findings of fact which we summarize briefly here. The underlying action with which Westport was concerned arose out of a medical malpractice lawsuit filed in July 1995 by Renee Kaston against Valentine Ciullo. In late 1995, Kaston's attorney, Dwight Peterson, recruited Hepps to assist in the

2

medical malpractice matter. Shortly after signing on, Mirsky began assisting Hepps in researching various issues in the case.

By order dated October 21, 1997, the trial court in the medical malpractice action barred Kaston's expert witnesses from testifying as a sanction for alleged discovery violations by her attorneys, and ordered Mirsky to pay a total of $800 in sanctions to the defendants. Without these experts, Kaston could not present sufficient evidence to avoid summary judgment, which the trial court granted the defendants on September 18, 1998.

Sometime after the grant of summary judgment (the record does not indicate the exact dates), Mirsky and Hepps opted to renew their insurance policies with Westport. On February 13, 1999, Mirsky's one-year policy incepted; Hepps' policy incepted on July 14, 1999. Neither Hepps nor Mirsky reported to Westport any potential claim against them by Kaston. In November 1999, Kaston notified Hepps and Mirsky that she was suing them for legal malpractice, and Hepps and Mirsky in turn notified Westport, which led to this declaratory judgment action.

The District Court exercised jurisdiction over this matter based upon diversity of the parties. 28 U.S.C. § 1332(a)(1). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. This Court reviews a district court's findings of fact for clear error. Scully v. U.S. WATS, Inc., 238 F.3d 497, 505 (3d Cir. 2001), and its conclusions of law de novo, Henglein v. Colt Industries Operating Corp., 260 F.3d 201, 208 (3d Cir. 2001).

After a careful review of the record and the Parties' arguments, we find no basis for disturbing the District Court's thorough and well-reasoned opinion. The District Court first made the sound conclusion that Exception B is not ambiguous. The District Court then determined that Kaston's legal malpractice claim arose out of acts and errors resulting during the course of Hepps and Mirsky's representation of Kaston. The District Court therefore granted Westport judgment on the grounds that Hepps and Mirsky should have reasonably known of Kaston's potential claim by September 18, 1998 (the date the trial court granted summary judgment to the defendants), or by October 23, 1998 (the date they filed an appeal of Kaston's case), in either case, well before the inception of the polices under which they now claim insure them for the alleged malpractice. The District Court's conclusion was warranted by the facts and the law. See Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302, 307 (3d Cir. 2001) ("When an attorney has a basis to believe he has breached a professional duty, he has a reason to foresee that his conduct might be the basis of a professional liability claim against him.")

The District Court also properly noted that because Mirsky was covered under his own policy, as well as under Hepps' policy (because he admitted to acting as an independent contractor on behalf of Hepps), Exclusion B of the Hepps policy barred coverage for both Mirsky and Hepps in connection with the Kaston malpractice action, because the Exclusion states that if "any insured" knew of the basis of a claim, there is no insurance for any insured under the policy. Additionally, the District Court pointed out that Hepps himself knew of the potential malpractice claim, thus undeniably barring coverage under his policy. We will

4

affirm for substantially the same reasons stated in the District Court's exhaustive opinion.

_____
TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge